UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:08-cr-0093-KJM |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CHARLES HEAD, | |
| Defendant. | |

Defendant Charles Head, a prisoner proceeding pro se with counsel appointed for a limited purpose, filed a formal Request to Seal his Request for Substitution of Counsel. That request currently is filed under seal at ECF No. 1640. In response, the court issued a minute order that stated:

> The court is in receipt of Charles Head's Request to Seal (ECF No. 1638[)] and the accompanying motion for substitution of counsel. The motion itself is being held in camera pending a final decision on the request to seal. The court is contemplating granting the request to seal to the extent it is justified to protect attorney-client privilege. To aid the court in resolving Mr. Head's request and the underlying motion, the court is providing a copy of the motion for substitution of counsel to Mr. Head's current counsel appointed for a limited purpose, Daniel Lars Olsen, and requests Mr. Olsen's response with fourteen (14) days of this order. The response shall be provided in camera, via hand delivery to chambers or via email to the courtroom deputy.

1

ECF No. 1641. In issuing this minute order, the court mistakenly referenced ECF No. 1638, which is a government request to seal, and is unrelated to Head's request. Nevertheless, defendant's discovery counsel filed a response in camera and a Notice of Request to Seal his response at ECF No. 1645. Counsel argues Head's motion to seal should be granted, because the motion does disclose attorney-client privileged communications. Additionally, despite the court's intent to retain Head's substantive motion in camera, that motion inadvertently was filed on the docket. ECF No. 1639. The court below grants sealing of the substantive motion. Head has not waived any claims of privilege in connection with the motion in light of the court's error. *See United States v. Apex Oil Co.*, No. 05-CV-242-DRH, 2007 WL 4557827, at *2 (S.D. Ill. Dec. 21, 2007) (finding plaintiff did not waive attorney-client privilege where document was not sealed due to court's error).

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598. As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136).

Head's motion to substitute counsel is not a dispositive motion. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016) ("[N]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation

marks and citations omitted)).  After reviewing both Head's underlying motion to substitute counsel and his counsel's response to the motion, the court finds both contain privileged attorney-client communications.  Accordingly, good cause exists to seal both documents.  *See Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) ("Courts generally accept attorney-client privilege and the work-product-doctrine as a 'compelling reason' justifying a motion to seal" (citations omitted)).

Both the request to seal filed by Head and the request to seal filed by his counsel, ECF No. 1645, are GRANTED.  Head's Request to Seal is currently filed inadvertently under seal at ECF No. 1640; the Clerk of Court is DIRECTED to unseal this document while retaining the ECF identifier of 1640, and instead file Head's Ex Parte Motion for Substitution of Counsel, currently on the docket at ECF No. 1639, under seal, still identified as 1639.  Furthermore, the Clerk is DIRECTED to file under seal the Response submitted in camera by Head's counsel.  Finally, the court hereby directs the Clerk to CORRECT the minute order at ECF No. 1641, to reference "ECF No. 1640" in place of the incorrect citation to ECF No. 1638.

IT IS SO ORDERED.

DATED: August 22, 2019.

_____
UNITED STATES DISTRICT JUDGE