1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT- OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,

12                 Plaintiff,

13          v.                                    No.  2:08-cr-0093-KJM

14   CHARLES HEAD,

15                 Defendant.

16

17   UNITED STATES OF AMERICA,
                                                  No.  2:08-cr-0116-KJM
18                 Plaintiff,

19          v.                                    ORDER

20   CHARLES HEAD,

21                 Defendant.

22

23          Defendant Charles Head is a prisoner proceeding pro se with counsel appointed for

24   a limited purpose in two related cases: Case No. 2:08-cr-0093 and Case No. 2:08-cr-00116.

25   Specifically, the court appointed counsel, Daniel Lars Olsen, for the limited purpose of assisting

26   Head in obtaining files from his former trial counsel in compliance with the procedures applicable

27   in Head's Bureau of Prisons facility and redacted to protect personal identifying information

28
                                               1

contained in the discovery.  *See* Notice of CJA Appointment, ECF No. 1623 (ECF No. 885)[1];

Def.'s Response to Court's Request, ECF No. 1632; Mot. for Reconsideration and Clarification,

ECF No. 1631.  Head has now filed an Ex Parte Motion For Substitution of Counsel, in which he

expresses that Olsen has not been communicating with him, and asks the court to substitute Olsen

for an attorney familiar with habeas law.  ECF No. 1639 (and ECF 890).[2]  Head's filings also

raise related issues that warrant addressing, all of which the court resolves below.

I.      HEAD'S REQUEST FOR SUBSTITUTION OF COUNSEL

        In response to this filing, the court directed Head's counsel to respond to the merits

of the motion, which he has in a document the court has filed under seal.  *See* ECF No. 1649 (and

898).  Olsen explained that Head is correct, Olsen is not a habeas attorney, and he was appointed

only for the limited purpose described above.  Nevertheless, Olsen argues that it is in Head's best

interest to keep Olsen as his attorney until the task for which he was appointed is completed.

Olsen is correct that he was not appointed to represent Head as his habeas attorney, so his lack of

expertise in the area is not a reason to replace him.  Olsen will be retained as Head's limited

purpose discovery attorney until the completion of the discovery task for which he was appointed.

Head would be prejudiced if Olsen were replaced at this time.  For these reasons, and with the

foregoing clarifications, the court DENIES Head's request to substitute counsel.  ECF No. 1639

(and 890).  This denial also resolves Head's duplicative Motion to Withdraw Counsel, ECF No.

1636 (and ECF No. 889).

/////

/////

---

[1] For ease of reference, the court cites first to the docket entry in Case No. 08-cr-0093.
Identical filings appear on the docket for Case No. 08-cr-00116 on the same dates.  The court
notes the corresponding docket number for the latter case in parentheses, except where there is no
corresponding filing.

[2] Head's substantive request was inadvertently filed on the court's docket, but has now
been sealed.  ECF No. 1639 (ECF No. 890).  Head has not waived any claimed privilege as a
result of the court's error.  *See United States v. Apex Oil Co.*, No. 05-CV-242-DRH, 2007 WL
4557827, at \*2 (S.D. Ill. Dec. 21, 2007) (finding plaintiff did not waive attorney-client privilege
where document was not sealed due to court's error).

1 | II.     OTHER ISSUES RAISED

2 |         Olsen and Head raise several other issues in their filings on the motion for

3 | substitution, which the court addresses below.

4 |         A.     Communication with Counsel

5 |         In his response, Olsen explains he has had difficulty communicating with Head

6 | due to Head's incarceration.  He does not explain whether this lack of communication has been

7 | rectified.  Accordingly, the court DIRECTS Olsen to provide the court with an update on whether

8 | he has been able to establish effective lines of communication with his client in the next 21 days.

9 |         B.     Minute Order, ECF No. 1630

10 |        Olsen also points the court to the Minute Order at ECF No. 1630, which reads:

11 |        The court is in receipt of an ex parte discovery motion and request to
   |        seal that are not filed on the public docket. In light of the court's
12 |        appointment of counsel for Mr. Head for the purpose of discovery,
   |        the court will not consider discovery motions filed pro se.
13 |        Accordingly, the court DISREGARDS the aforementioned motion
   |        and request to seal.
14 |

15 | Because Olsen was retained for one, discrete discovery task, Olsen argues the court erred in

16 | disregarding Head's other discovery motions, as he is representing himself in this case.  The court

17 | agrees.

18 |        Head's sealed Ex Parte Motion for Substitution of Counsel, ECF No. 1639 (and

19 | ECF No. 890), and his Motion to Withdraw Counsel, ECF No. 1636 (and ECF No. 889), both

20 | argued that Head's pro se discovery motions should be considered, in light of Olsen's

21 | appointment for only a limited purpose.  The court will not disregard Head's pro se discovery

22 | motions that are unrelated to Olsen's discovery task.

23 |        Accordingly, ECF No. 1630, which has no corresponding filing in Case No. 2:08-

24 | cr-00116, is hereby VACATED and the court DIRECTS the Clerk to file only the request to seal

25 | referenced therein on the docket.  The request and the substantive motion will be considered in

26 | due course.

27 | /////

28 | /////

C.      Olsen's Response to Minute Order ECF No. 1624 (ECF No. 886)

In his motion, Head refers to the Minute Order at ECF No. 1624 (ECF No. 886), which requested a response from counsel regarding whether ECF No. 1613 (ECF 880) (Motion for Appointment of a Paralegal) and ECF No. 1614 (ECF No. 881) (Motion for Copy of Record and Transcripts) are moot given the appointment of counsel.  Olsen responded to this order, *see* ECF No. 1632 (no filing in Case No. 2:-8-cr-00116), and explained that Head's Motion for Appointment of a Paralegal, ECF No. 1613 (ECF No. 880), is likely moot, because Olsen is serving in a similar role.  However, Olsen explains, Head's Motion for Copy of Record and Transcripts, ECF No. 1614 (ECF No. 881), goes beyond what Olsen was appointed for, and should not be considered moot.

In light of these representations, the court DENIES ECF No. 1613 (and ECF No. 880) as moot and will address the motion for transcripts separately.

D.      Referral to a Magistrate Judge

Because Head is proceeding in propria persona, with the exception of Olsen's discrete discovery tasks, Local Rule 302 provides that discovery matters may be referred to a magistrate judge of this court.  L.R. 302(c)(1) ("All discovery motions, including Fed. R. Civ. P. 37 motions, and supervision of proceedings conducted pursuant to letters rogatory or letters of request; all stipulations and motions relating to protective orders and sealing documents submitted or filed for hearing before discovery cutoff"); *see also id.* (c)(17), (21).  Though this court will continue to handle the substantive post-trial motions in this criminal case in which it sentenced the defendant, in order to resolve the associated discovery motions efficiently, the court requires the support of a magistrate judge.  Accordingly, the court hereby REFERS all discovery motions attendant to defendant's 2255 motions in Case No. 08-cr-00093 and Case No. 08-cr-00116 to a magistrate judge to be identified by random draw.

III.    CONCLUSION

1.      In Case No. 2:08-cr-0093, the court hereby DENIES the Ex Parte Motion for Substitution of Counsel, ECF No. 1639 (and ECF No. 890); Head's Motion to Withdraw

4

1 | Counsel, ECF No. 1636 (and ECF No. 889); and the Motion for Appointment of a Paralegal, ECF

2 | No. 1613.

3 | 　　　　2.　　　In Case No. 2:08-cr-00116, the court herbey DENIES the Ex Parte Motion

4 | for Substitution of Counsel, ECF No. 890; Head's Motion to Withdraw Counsel, ECF No. 889;

5 | and the Motion for Appointment of a Paralegal, ECF No. 880.

6 | 　　　　3.　　　The court DIRECTS Olsen to provide the court with an update on whether

7 | he has been able to establish effective communication with his client in the next 21 days.

8 | 　　　　4.　　　The Minute Order at ECF No. 1630 (no corresponding filing in Case No.

9 | 2:08-cr-00116) is VACATED and the court DIRECTS the Clerk to file the request to seal cited

10 | therein on the docket.

11 | 　　　　5.　　　Discovery motions related to defendant's 2255 motions in Case No. 08-cr-

12 | 00093 and Case No. 08-cr-00116 are hereby REFERRED to a magistrate judge as described

13 | above.  As a result, the pending motion at ECF No. 1614, and the request to seal and motion

14 | referenced in the Minute Order at ECF No. 1630 in Case No. 08-cr-00093, are referred to the

15 | magistrate judge.  The latter request to seal will be filed on the docket, and the substantive motion

16 | to which it refers will be delivered to the magistrate judge in camera.

17 | 　　　　6.　　　The Clerk of the Court is directed to assign a magistrate judge of this court

18 | by random selection.

19 | 　　　　IT IS SO ORDERED.

20 | DATED:  September 4, 2019.

21

22

23 | _____
UNITED STATES DISTRICT JUDGE

24

25

26

27

28

5