UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:08-cr-00093-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Charles Head, et al., | |
| Defendants. | |

Charles Head is a federal prisoner proceeding pro se with a post-conviction challenge under 28 U.S.C. § 2255. *See* ECF No. 1617. The government filed its opposition, *see* ECF No. 1780, and the assigned magistrate judge granted Head's request for an extension to file his reply, *see* Order, ECF No. 1785. On August 10, 2022, Head filed his reply to the government's opposition. *See* ECF No. 1817. This order addresses four pending requests from Head.

First, Head requested additional time to file his reply, *see* ECF No. 1818; the court **grants** this request. Head had submitted multiple extension requests prior to filing his reply, noting various obstacles to his timely responding to the government's opposition. *See* ECF Nos. 1787 & 1813. The magistrate judge denied Head's request on July 28, 2022, relying principally on this court's March 15, 2022 minute order noting that Head's § 2255 motion would be submitted after the government filed its opposition. *See* Order at 1, ECF No. 1814 (citing Min. Order, ECF No. 1773). This court inadvertently omitted the deadline for Head's reply in its March 15 minute order. Head's

1

1  motion for an extension is therefore **granted**, subject to the requirement set forth below of
2  submitting a status report once the magistrate judge resolved pending discovery motions.

3  Second, Head moves to strike his recently filed reply, averring that this reply was submitted
4  without his authorization. *See* Head Decl. ¶¶ 4–5, ECF No. 1820. The court **grants** this request.
5  The clerk is **directed** to strike ECF No. 1817 from the docket. In granting this request, the court
6  notes the signature affixed to the reply at ECF No. 1817 appears to be Head's. Head's revelation
7  that an outside party is writing and submitting signed documents on his behalf, whether he
8  authorizes them or not, necessitates a mechanism for distinguishing authorized and unauthorized
9  filings. To ensure the court only considers authorized filings, moving forward Head is **directed** to
10 expressly verify whether he is personally filing a document in this court or authorizing someone
11 else to do so on his behalf. Any filing without such a statement will be struck from the docket and
12 disregarded.

13 Third, Head moved this court to "appoint him legal counsel for the limited purpose of
14 assisting [him] in filing a reply to the government's opposition." Mot. at 1–2, ECF No. 1787.[1] In
15 support of this request, Head avers that he was recently transferred among multiple prison facilities
16 before ultimately arriving at FCI Mendota. *See* Head Decl. ¶ 1, ECF No. 1787-1. An attorney
17 affiliated with Erin Radekin, whom this court appointed for the limited purpose of assisting Head
18 with discovery management, mailed Head the CDs containing his discovery files and the
19 government's opposition to his § 2255 motion. *Id.* ¶¶ 4–5. According to Head, mailroom staff at
20 FCI Mendota refused to give him the government's opposition[2] and declined to accept the CDs,
21 stating that "inmates cannot utilize CDs at the prison at all under any circumstances and [his] CD[s]
22 would be sent back to [his] lawyer." *Id.* ¶¶ 6–7. Head submits it is now "impossible" for him to
23 "present evidence to the Court to rebut the government's" opposition. *Id.* ¶ 8.
24 /////

---

[1] Head has also filed several discovery motions relevant to his § 2255 motion, *see* ECF Nos. 1801, 1811, 1812, which are referred to the magistrate judge, *see* L.R. 302(c)(1); *see also, e.g.*, Order at 8–9, ECF No. 1671.

[2] Head has since received a copy of the government's opposition. *See* Head Decl. ¶ 7, ECF No. 1820.

1	Ms. Radekin is **directed** to file a concise report within twenty-one days informing the court whether FCI Mendota has returned Head's CDs, as Head has indicated, and whether she is able to arrange for Head's receipt and review of the CDs at FCI Mendota.

Fourth and finally, Head requests the court order the government to respond to Head's supplemental memorandum (ECF No. 1634). *See* Mot. at 4. The court must first determine whether the claim raised in Head's supplemental memorandum, which he submitted after the statute of limitations had run, relates back to a claim in his timely submitted petition. Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P 15(c)(2). The "original pleading" in a habeas proceeding is the timely submitted § 2255 petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). It appears, though it is not clear, that Head's amended claim may relate back to claims in his original petition. *Compare* Original Memo. at 22–24, ECF No. 1621 (arguing trial counsel was ineffective for failing to "subpoena and call key defense witnesses"), *with* Suppl. Memo. *generally*, ECF No. 1634 (arguing trial counsel was ineffective for failing to hire a mortgage industry expert witness). The court **directs** the parties to submit supplemental briefing on this issue. *See Ross v. Williams*, 950 F.3d 1160, 1172 (9th Cir. 2020), *cert. denied sub nom. Daniels v. Ross*, 141 S. Ct. 840 (2020) (noting courts "typically have the benefit of briefing" on this issue; pointing to "familiar remed[y]" of "requesting supplemental briefing to better explain the relationship between the amended petition and the original one"). Within twenty-one days of this order, Head shall file a brief, not to exceed ten pages, explaining how his amended claim relates back to his original, timely submitted claims. The government shall submit a response, also not exceeding ten pages, within fourteen days of Head's filing.

The court will revisit Head's deadline for filing his reply after resolving the various issues described in this order and after the magistrate judge has ruled on Head's various discovery motions. Head is **directed** to file a status report within fourteen days after the magistrate judge resolves his discovery motions alerting the court that the motions have been resolved and his position regarding the effect of their resolution on the schedule going forward.

/////

3

1    This order resolves ECF Nos. 1787, 1818 & 1820.

2    IT IS SO ORDERED.

3    DATED: September 7, 2022.

                                      CHIEF UNITED STATES DISTRICT JUDGE