UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:08-cr-00093-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Charles Head, et al., | |
| Defendants. | |

In 2019, defendant Charles Head moved to vacate his conviction and sentence under 28 U.S.C. § 2255. He has since filed many supplemental briefs and motions related to his original motion. Due in part to the volume of his filings, the court and the parties have been impeded in taking meaningful steps toward resolving Head's now four-year-old motion. In this order, the court denies several premature discovery motions without prejudice and clarifies next steps to facilitate resolving the pending § 2255 motion.

**I.      BACKGROUND AND HISTORY**

In December 2013, a jury convicted Head of multiple counts of mail fraud and conspiracy to commit mail fraud in two related criminal cases. *See* Case Nos. 2:08-cr-093-KJM (*Head I*) and 2:08-cr-116-KJM (*Head II*). The court sentenced him in both cases on September 3, 2014, to a total term of 420 months of imprisonment, which he is now serving. *Head I*, ECF No. 977; *Head II*, ECF No. 581. In February 2019, Head moved to vacate his conviction and sentence under 28 U.S. § 2255 primarily on the grounds that he received constitutionally ineffective assistance of

1

1  counsel. *See* Mot., ECF No. 1617 (*Head* I), ECF No. 861 (*Head II*); Mem., ECF No. 1621
2  (*Head I*).[1]

3  Since filing his original motion, Head has flooded the docket with filings and requests,
4  including supplemental briefs and requests for discovery, directed both to this court and the
5  assigned magistrate judge. *See*, *e.g.*, Supplement, ECF No. 1634; Mot. to Compel, ECF No.
6  1801; Mot. for Discovery, ECF No. 1811. Between April and October of 2019, Head also filed
7  many discovery motions. *See*, *e.g.*, ECF Nos. 1627, 1628, 1629, 1667, 1670. In November 2019,
8  the magistrate judge denied these motions without prejudice. Order Denying Disc. at 2, ECF No.
9  1671. The magistrate judge found that because this court had not yet issued a screening order
10 under Rule 4 of the Rules Governing Section 2255 Proceedings, Head's discovery motions were
11 not yet ripe. *Id.* at 2. This court then directed the government to respond to Head's motion and
12 stated it would submit the matter for decision upon the government's response, Prior Order
13 (March 15, 2022), ECF No. 1773. The government then filed its opposition to Head's motion,
14 Opp'n, ECF No. 1780, Supp. Opp'n, ECF No. 1851.

15 Head has continued to file unauthorized supplemental briefs and other documents. For
16 example, he filed a declaration in support of his motion detailing *Brady* violation allegations and
17 asking the court to hire an investigator to obtain declarations from potential witnesses. Decl. in
18 Support of Mot., ECF No. 1683; *Brady v. Maryland*, 373 U.S. 83 (1963). He also continued to
19 file discovery-related motions in front of the magistrate judge. *See e.g.,* ECF Nos. 1801, 1811,
20 1812. The magistrate judge has not ruled on these motions.

21 In September 2022, after Head requested an extension to file a reply in support of his
22 motion, this court issued an order directing Head to file a status report once the magistrate judge
23 resolved his pending discovery motions, after which this court would determine a briefing
24 schedule. Prior Order (Sept. 9, 2022), ECF No. 1822. Since that order, Head has continued to
25 file additional motions.

---

[1] Although Head filed his original motion in both *Head I* and *Head II*, the parties have filed all further motion practice only in *Head I*. For that reason, the remainder of this order will reference docket numbers in *Head I* only.

In light of the procedural history of this matter, the court has carefully reviewed Head's § 2255 motion and, exercising its discretion over habeas discovery, finds no discovery is warranted at this time. *See Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir.1993) (citation omitted) ("[T]here simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter."); Advisory Comm. Notes to Rule 6 Governing Section 2255 Proceedings. Accordingly, the court **vacates in part its prior order at ECF 1822,** in which it directed Head to file a status report after the magistrate judge resolved the pending discovery motions. Prior Order (Sept. 9, 2022). The court also **denies without prejudice Head's pending discovery-related motions at** ECF Nos. 1801, 1811, 1812, 1861 and 1862. The **court directs Head to file a reply to the government's opposition within 30 days of this order.** Upon filing of the reply, Head's motion will be submitted.

The court will disregard any other filings by Head unless they are authorized from this court, and may strike them if the filings continue to clutter the court's docket. *Chambers v. NASCO*, Inc., 501 U.S. 32, 43 (1991) (holding courts have inherent authority to control their dockets).

This order resolves ECF Nos. 1801, 1811, 1812, 1861 and 1862.

IT IS SO ORDERED.

DATED: August 21, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE