UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:08-cr-00093-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Charles Head, | |
| Defendant. | |

Charles Head is a federal prisoner who was convicted of multiple counts of mail fraud and conspiracy to commit mail fraud in two related criminal cases. *See* Case Nos. 2:08-cr-093-KJM (*Head* I) and 2:08-cr-116-KJM (*Head* II). Head moved to vacate his conviction and sentence under 28 U.S.C. § 2255, *see* § 2255 Mot., ECF No. 1617, which this court denied, *see* Prior Order (Oct. 6, 2023), ECF No. 1868. Head appealed this decision, *see* Notice, ECF No. 1871, and then filed a request for a certificate of appealability along with a motion to proceed in forma pauperis, *see* Mot., ECF No. 1876. The Ninth Circuit remanded the case for the limited purpose of granting or denying a certificate of appealability. *See* USCA Order, ECF No. 1879. For the reasons below, this court **denies** Head's request for a certificate of appealability and his motion to proceed in forma pauperis.

/////

/////

1

## I. CERTIFICATE OF APPEALABILITY

For the court to issue the requested certificate of appealability, Head must adequately demonstrate the issues presented by this case may be "debatable among jurists of reason," could be resolved differently by another court or are "adequate to deserve encouragement to proceed further." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

Here, Head has not shown a certificate of appealability is warranted for any of the specific issues raised in his § 2255 motion, his motions for discovery under Habeas Rule 6, nor his various requests for an evidentiary hearing.

### A. § 2255 Motion

#### 1. Ineffective Assistance of Counsel Claims

In Head's § 2255 motion, he asserted various ineffective assistance of counsel (IAC) claims and argued the government violated his Sixth Amendment rights by intruding on his attorney-client relationship.  *See* § 2255 Mot.; *see also* § 2255 Mem., ECF No. 1621.  As this court previously observed, "[t]o state a claim for relief based on ineffective assistance of counsel, a defendant must show: (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) counsel's deficient performance was prejudicial to the outcome."  Prior Order (Oct. 6, 2023) at 3[1] (quoting *Strickland v. Washington*, 466 U.S. 668, 687–69 (1984)). None of Head's IAC claims raised in his § 2255 motion meet this high standard.  *See id.* at 3–16.

In support of his request for a certificate of appealability on his IAC claims, Head focuses on the argument his counsel was ineffective in "failing to object to the double jeopardy issue." Mot. at 2; *see also* Appl. at 3, ECF No. 1876-1; Mem. P. & A. at 8–9, 16, ECF No. 1876-1. However, as the court previously analyzed, the decision to not object to "the double jeopardy

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1  issue" was immaterial and therefore not prejudicial to the outcome, because "*Head* I and *Head* II
2  were sufficiently separate so as not to implicate the double jeopardy clause." Prior Order (Oct. 6,
3  2023) at 6; *see also United States v. Montgomery*, 150 F.3d 983, 990 (9th Cir. 1998) (explaining
4  the court "examine[s] the evidence in the light most favorable to the prosecution to determine if
5  any rational trier of fact could have found that more than one conspiracy existed"). While Head
6  argues "another court may come to a different conclusion about whether" the conspiracies
7  charged in *Head* I and *Head* II violated the double jeopardy clause, *see* Mot. at 3; Mem. P. & A.
8  at 8–9, the court finds after careful review that the record does not support this position. *See* Prior
9  Order (Oct. 6, 2023) at 6–7. The court has reviewed Head's arguments related to the other IAC
10 claims in his § 2255 motion and finds that none warrants a certificate of appealability.
11 Accordingly, the court denies this request for a certificate of appealability.

            **2.  Sixth Amendment Claim**

13 Head also requests a certificate of appealability related to the court's decision not to grant
14 relief based on his arguments about denials of Sixth Amendment rights. Mem. P. & A. at 16–17.
15 In his § 2255 motion, Head argued the government violated his Sixth Amendment rights by
16 confiscating his legal materials and communications with his attorney from his cell.[2] § 2255
17 Mem. at 18. However, as stated in this court's prior order and reiterated here, Head procedurally
18 defaulted on this claim, because he did not raise this issue at trial or on appeal and did not allege
19 or argue cause and actual prejudice or actual innocence. *See* Prior Order (Oct. 6, 2023) at 16; *see*
20 *also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).
21 Here, Head does not dispute he did not timely raise the issue, but instead argues because
22 he was, as he is now, proceeding pro se, the "[c]ourt should have given him wide latitude." Mem.
23 P. & A. at 17. Head claims it was "fair to consider" that his argument the government intruded
24 on his attorney-client relationship "ha[d] to do with his attorney's failure to raise [the] issue on
25 direct appeal." *Id.*

---

[2] To the extent Head requests a certificate of appealability be issued for his conclusory claim the government listened in on phone calls he had with his attorney, the court also denies this request for the reasons outlined in its prior order. *See* Prior Order (Oct. 6, 2023) at n.6.

3

The court construes this argument as a request to reconsider his Sixth Amendment claim as an IAC claim. However, even if the court had considered Head's argument as an IAC claim, Head's argument would still not have stated a viable claim under the high *Strickland* standard addressed above. First, Head has not shown his counsel's representation fell below an objective standard of reasonableness. The government conceded before trial it would "not seek to use the seized [material] . . . in its case-in-chief or in any future pre-trial detention proceeding." *See* Mot. to Suppress Resp. at 2, ECF No. 320. Second, Head offered only conclusory statements to support his claim of prejudice. *See* § 2255 Mem. at 20 (speculating "[i]t follows that the government must have requested those items of personal mail, legal mail, legal notes, personal mail and other of Head's documents in its possession from the Sacramento County Main Jail"); *see also Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion in which allegations were conclusory and without support in the record). Accordingly, the court declines to issue a certificate of appealability here.

**B.     Discovery Motions**

Head also seeks a certificate of appealability to appeal the denial of his motions for discovery under Habeas Rule 6. *See* Mot. at 4. Specifically, Head argues the court "faulted Head for not supporting his 2255 [m]otion with evidence in regards to his IAC claims" but "denied all of his requests to support his meritorious claims via Rule 6 discovery." *See* Mot. at 4; *see also* Appl. at 3; Mem. P. & A. at 5–7.

However, as this court previously held, discovery was not warranted for Head's § 2255 motion. *See* Prior Order (Aug. 21, 2023) at 3, ECF No. 1864; *see also Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993) (citation omitted) ("[T]here simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter."); Advisory Comm. Notes to Rule 6 Governing Section 2255 Proceedings. Instead, as the court reiterated throughout its prior order, Head did not claim he was prohibited from communicating with witnesses who could have provided affidavits to support his claims. *See e.g.*, Prior Order (Oct, 6, 2023) at 7, 10–11. The court declines to issue a certificate of appealability on this issue.

/////

4

### C. Evidentiary Hearing

The court similarly declines to issue a certificate of appealability based on the court's decision to not hold an evidentiary hearing related to the issues raised in Head's § 2255 motion. *See* Prior Order (Oct. 6, 2023) at 2–3. The court determined an evidentiary hearing was not warranted after it found Head's claims did not "support the assertion that a conviction or custodial sentence violate[d] the constitution in some manner." *Id.* at 3; *see also United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) (per curiam) (noting district courts are not required to hold an evidentiary hearing if the allegations fail to state a claim for relief).

In seeking this certificate of appealability, Head also requests the court hold a hearing. Appl. at 4. However, for the same reasons the court did not hold a hearing regarding Head's § 2255 motion, the court finds resolution of this motion does not require a hearing. *See* Prior Order (Oct. 6, 2023) at 2–3.

For the reasons discussed in this court's prior order denying the § 2255 motion on the merits and as set forth above, the court finds Head has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2254(c)(2). Accordingly, this court **denies Head's request for a certificate of appealability.**

## II. IN FORMA PAUPERIS

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3). The good-faith standard is an objective one, and good faith is demonstrated when an individual seeks appellate review of a non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325–26 (1989). For the reasons set forth above, the court finds Head's proposed appeal is not taken in good faith. Accordingly, the court **denies Head's motion to proceed in forma pauperis**. Head may seek authorization from the Ninth Circuit to proceed in forma pauperis under Federal Rule of Appellate Procedure 24(a)(5).

/////

/////

1       This order resolves ECF No. 1876 (*Head* I).

2       IT IS SO ORDERED.

3 DATED: February 1, 2024.

                                            CHIEF UNITED STATES DISTRICT JUDGE